# CIVIL COVER SHEET

JS 44 (Rev. 04/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Krasley, Ryan Krasley, Kevin Krasley, Anthony Iademarco and Rocco D'Alessandro

(b) County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment

## DEFENDANTS
County of Montgomery and Dr. Janine Darby, Coroner

County of Residence of First Listed Defendant: **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 22 U.S.C. Section 2000e-2(a)(1) of the Civil Rights Act of 1964

Brief description of cause:
Violation of Title VII, 22 U.S.C. Section 2000e-2(a)(1) of the Civil Rights Act of 1964

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____ DOCKET NUMBER: _____

DATE: 12/02/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

(C) Attorneys

Vincent M. Vangrossi, Esquire
Attorney ID 68760
Francis Recchuiti, Esquire
Attorney ID 09284
Vangrossi and Recchuiti
319 Swede Street
Norristown, PA 19401-4801
(610) 279-4200

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Montgomery County Pennsylvania

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*: _____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[xx] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL KRASLEY
103 Daisy Lane
Royersford, PA 19468

and

RYAN KRASLEY
3764 Mill Road
Collegeville, PA 19426

and

KEVIN KRASLEY
39 N. Prospect Avenue
Norristown, PA 19403

and

ANTHONY IADEMARCO
1164 Hollow Road
Collegeville, PA 19426

and

ROCCO D'ALESSANDRO
639 S. Broad St., Apt. A9
Lansdale, PA 19446

    VS

COUNTY OF MONTGOMERY
P.O. Box 311
Norristown, PA 19404

    and

DR. JANINE DARBY, CORONER
Office of the Coroner
56 Eagleville Road
Eagleville, PA 19403

## COMPLAINT

1. The plaintiff, Michael J. Krasley was previously employed as the lead transporter by the County of Montgomery, Coroner's Office.

2. The other plaintiffs are Rocco D'Alessandro, Anthony C. Iademarco, Ryan Krasley, and Kevin Krasley who also were employed by the County of Montgomery Coroner's Office, and were designated as transporters working under the supervision of Michael Krasley as determined by the operation which had been established by salary, training, longevity and supervision.

3. The defendants are the County of Montgomery, and its Coroner Dr. Janine Darby.

4. The plaintiff, Michael Krasley was hired in 2014.

5. Plaintiff Michael Krasley was trained by Walter Hofman, M.D., a nationally recognized pathologist who was the only elected coroner in Pennsylvania who was certified to conduct autopsies and technically modernized the Montgomery County Coroner's Office. Michael Krasley's training with Dr. Hofman was intense and went on for over a month.

6. In 2016, Dr. Hofman retired and was succeeded by Michael Milbourne, M.D. who continued Dr. Hofman's outstanding policies.

7. The plaintiff Michael Krasley was designated lead transporter by Doctor Darby and reported to Alexander Balacki, MS, F-ABMDI Chief Deputy Coroner. Michael Krasley made decisions involving the number and assignment of personnel for the removal of bodies at crime scenes, suspicious deaths and other designated times. There were no complaints about the assignments that Michael Krasley made which were based on seniority.

8. As part of this job function, it required moving and protecting the body, the physical area and cooperate under the direction of the coroner's office investigators,

and police. Transporters required enough strength to manage the dead weight of the deceased while being mindful of family feelings.

9. Plaintiff Michael Krasley was also responsible for the training of the other body transporters who became employees, ensuring that removal standards were strictly followed and appropriately utilized.

10. In 2023, Dr. Janine Darby whose medical specialties are Family and Obesity Medicine ran for and was elected to serve in 2024 on a platform stating "Residents from historically and systematically marginalized communities are in need of a champion" and promised to "elevate those who have been marginalized." She pointed out her background of social justice with the Diversity, Equity and Inclusion Task Force to "bring awareness and educate about marginalized individual issues."

11. During the period from before 2024 there was a turnover of personnel among the body transporters and the hirings which included Plaintiffs Ryan and Kevin Krasley, who trained and traveled on their own time with an internship for 90 days with no pay, before becoming W-2 employees of Montgomery County on an oncall basis, whose relationship with the lead plaintiff was disclosed and whose service contained no favoritism or bad reports and were still working at their time of termination in December 2024.

12. Plaintiff Anthony Iademarco was also hired two years previous and was also terminated with the others as was Plaintiff Rocco D'Alessandro who was hired three weeks before termination, none of the plaintiffs ever having been written up with an adverse report. The unredacted evaluations of the plaintiffs should be available confirming these statements.

13. Balacki had directed plaintiff Michael Krasley that when additional help was needed at removal scenes, the seniority of the employees was to be the method utilized which is what occurred and that the work force should report to Krasley who would report to him.

14. Augustus Davis was hired in 2022 and was trained by plaintiff Michael Krasley and the other transporters on how to do the job.

15. Unfortunately, certain standard procedures weren't always followed or utilized by Davis and the office of the Coroner received unfavorable reports and comments concerning Davis' performances from the investigators and the police.

16. There were a number of issues that arose concerning Davis' availability and cooperation and he stopped reporting to plaintiff Michael Krasley.

17. Doctor Darby, the Coroner, took a special interest in Davis and interviewed him separately.

18. Investigators, police and family members of the decedents made complaints about Davis' attitude and lack of cooperation.

19. Davis complaint to Doctor Darby that he couldn't deal with plaintiff Michael Krasley and Doctor Darby had Davis make his reports directly to her, bypassing the historically established and previous operation chain of command.

20. In spite of this, Davis continued to have negative reports and complaints from the investigators, while seeming to operate directly under Doctor Darby.

21. Davis and Doctor Darby are both black and the rest of the transporters involved are white.

22. Plaintiff Michael Krasley notified Human Resources of Montgomery County several times during mid-2024 concerning disparate treatment with no responses.

23. In December of 2024, Doctor Darby called a meeting of all the transporters including Michael Krasley, whom she had appointed as lead transporter, and announced that they were all being eliminated or terminated because of budgetary reasons, even though the Coroner's budget had been prepared and approved for the coming year months before. This was a method of protecting Davis whose performance never was found to be acceptable.

24. In mid-January of 2025, after the discharge meeting, a response was received from Human Resources indicating that because the Coroner was an elected office, Human Resources could do nothing.

25. Doctor Darby then employed a black owned and operated body removal service, trading as Robinson's Mortuary Transport Services, LLC of Red Hill, PA.

26. Because of this change of policy, other members of the Coroner's office who were not trained have been dispatched to remove bodies and the financial costs have escalated in operating the Coroner's Office as a result of the wrongful terminations of the plaintiffs.

27. The plaintiffs believe that racial discrimination against them was the basis for their termination.

28. The plaintiffs have, as a result of their wrongful termination sustained extensive financial losses includes loss of income and reputation.

29. The plaintiffs have requested reinstatement and back pay from the defendant County of Montgomery, whose investigation further has to substantiate the claims made in this Complaint concerning the improper violation of their rights in the manner in which they were terminated, no complaints ever having been made concerning their performance.

30. The defendants have violated Title VII, 22 U.S.C. §2000e-2(a)(1) of the Civil Rights Act of 1964 by engaging in an unlawful and unconstitutional policy of discriminating against their employees based upon race in that they have unfairly discharged Caucasian employees under the pretext of diversity which violates the plaintiffs' Federal and State Civil Rights under the United States and Pennsylvania Constitution and clearly violates Title VII's disparate treatment provisions barring employers from potentially discriminating against their employees based upon race, color, religion, sex or national origin.

31. The Coroner's decision to discharge the entire division of people employed to retrieve the deceased in Montgomery County solely done with the objective of reducing the number of Caucasian employees that preexisted her election and appointment as Coroner so that the defendant Coroner could have a minority contractor fulfil the role of the employees of the Coroner's office and unfairly discharge the plaintiffs based upon their race.

32. The Coroner's office is now paying a minority contractor to fulfil the role of the discharged employees of the Coroner's office, including the plaintiffs herein and is incurring costs for retrieving the bodies at a cost which has substantially increased.

33. The plaintiffs had previously worn uniforms and had the equipment necessary supplied to them by the County of Montgomery, which similar uniforms and clothing have now been made available to recent hires, who have not had the opportunity to be properly trained in the order of their work. Plaintiffs have learned that continued employment opportunities were not made available to them.

34. Plaintiffs had been discharged and are being treated unfavorably because of their race in violation of Title VII (42 U.S.C. §2000e-2(a)(1) and in violation of plaintiffs' rights under the United States and Pennsylvania Constitutions to be free from discrimination in employment because of their race.

35. Plaintiff Michael Krasley believes that the firings were also due to retaliation in his disclosing the workplace conditions of the Coroner's Office to Human Resources also in violation of his rights previously enumerated.

36. Plaintiffs' replacement by the Robinson Transportation Group is based on race as all Robinson Transportation Group employees are not of the race of the plaintiffs. The failure of the County of Montgomery to continue the employment of the plaintiffs shows that the defendants have violated Title VII.

37. Plaintiffs demand a jury trial.

WHEREFORE, plaintiffs Michael J. Krasley, Rocco D'Alessandro, Anthony C. Iademarco, Ryan Krasley, and Kevin Krasley hereby demand judgment in their favor and against defendants jointly and severally as follows:

A. Preliminarily and permanently enjoining defendants from continuing their discriminatory practices based upon race;

B. Judging and declaring the action of defendants complaintive of herein violated plaintiffs' civil rights protected by Title VII of the Civil Rights Act of 1964, the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution;

C. Awarding plaintiffs compensatory and punitive damages for defendants' violation of Title VII and violating plaintiffs' Civil Rights and of violations of common law in amounts to be determined at trial;

D. Directing that plaintiffs be reinstated to their former positions with the Coroner's office and compensating plaintiffs for their missed pay as a result of defendants' illegal and unlawful conduct and actions and of plaintiffs' wrongful discharges;

E. Awarding plaintiffs attorneys fees, expert witness fees, costs and reimbursements; and

F. Awarding plaintiffs such other relief as the Court deems appropriate.

VANGROSSI AND RECCHUITI


BY: s/Francis Recchuiti
VINCENT M. VANGROSSI ID 68760
FRANCIS RECCHUITI ID 09284
319 Swede Street
Norristown, PA 19401-4801
(610) 279-4200
Attorneys for plaintiffs