**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL KRASLEY, et al.,

               *Plaintiffs,*

    v.

COUNTY OF MONTGOMERY, et al.,

               *Defendants.*

CIVIL ACTION
NO. 25-6758

Pappert, J.                                                            May 6, 2026

**<u>MEMORANDUM</u>**

    Michael Krasley, Ryan Krasley, Kevin Krasley, Anthony Iademarco and Rocco D'Alessandro sued Janine Darby and Montgomery County under federal and state law alleging Darby fired or constructively discharged them from their municipal jobs because of their race. Darby and the County move to dismiss the plaintiffs' complaint for failure to state a claim. The Court grants their motion in part, denies it in part and allows the plaintiffs to amend.

I

    The plaintiffs—who are white—worked as "transporters" for the Montgomery County Coroner's Office. (Am. Compl. ¶¶ 3–4, 24, Dkt. No. 7.) Transporters carry deceased individuals from where they died to the morgue. *See* (*id.* ¶¶ 9, 10). As lead transporter, Michael Krasley supervised the other plaintiffs, (*id.* ¶ 4), making job assignments "for the removal of bodies at crime scenes" and other places, (*id.* ¶ 9). He also trained other transporters. (*Id.* ¶ 11.) None of the plaintiffs had ever received an adverse review. *See* (*id.* ¶ 15).

1

In 2023, Dr. Janine Darby—who is black—was elected to serve as coroner for Montgomery County.  (*Id.* ¶¶ 12, 24.)  Her campaign focused on diversity, equity and inclusion.  *See* (*id.* ¶ 12).  She stressed that if elected she would be a "champion" for Montgomery County residents "from historically and systematically marginalized communities," and she promised to "elevate those who have been marginalized."  (*Id.*)  She also said she would educate others about diversity.  (*Id.*)

After she took office, Darby treated a black transporter, Augustus Davis, differently than the plaintiffs.  (*Id.* ¶¶ 17, 18, 20, 24.)  Several people—coroner investigators, police officers and family members of the deceased—had complained about Davis's attitude and his inability to cooperate with others.  (*Id.* ¶ 21.)  Darby, however, did not discipline Davis and permitted him to report directly to her instead of Michael Krasley, the lead transporter.  (*Id.* ¶¶ 22, 25.)  Davis also accused Ryan Krasley and Kevin Krasley of being racist, leading Darby to threaten and chastise them.  (*Id.* ¶¶ 25, 26.)  Ryan Krasley and Kevin Krasley later resigned.  (*Id.* ¶ 29.)

In December of 2024, Darby fired Michael Krasley, Anthony Iademarco and Rocco D'Alessandro "because of budgetary reasons, even though the Coroner's budget had been prepared and approved for the coming year months before."  (*Id.* ¶ 30.)  Immediately after firing these plaintiffs, Darby replaced them with a black owned and operated body removal service.  (*Id.* ¶ 32.)  As a result, the Coroner's Office faced increased costs for transporting bodies.  *See* (*id.* ¶ 33).

The plaintiffs sued Darby and the County under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1983, 1985(3) and the Pennsylvania Constitution.  They allege Darby fired or constructively discharged them because they are white in violation of

Title VII, 42 U.S.C. § 1981, the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1985(3) and the Pennsylvania Constitution.

II

The Court assesses the sufficiency of a pleading before discovery under Federal Rules of Civil Procedure 8 and 12. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." *Id.* 12(b)(6). Taken together, the two rules require a plaintiff to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying her claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129–30 (3d Cir. 2010). The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682. Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a

3

defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them.  *Connelly*, 809 F.3d at 786 n.2.

III

A

Title VII makes it unlawful for an employer to "discharge" or "otherwise . . . discriminate" against "any individual" "because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  The defendants argue the plaintiffs fail to allege facts to show they complied with Title VII's exhaustion requirement.  Before a plaintiff may sue to enforce Title VII, he must exhaust his "administrative remedies." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).  Title VII requires claimants to present their claims to the United States Equal Employment Opportunity Commission so the agency may decide whether to take legal action on their behalf.  *See* 42 U.S.C. § 2000e-5(e)(1).  Only after the EEOC chooses not to act—or after 180 days pass—may the plaintiff proceed to federal court.  *See id.* § 2000e-5(f)(1).  To pursue his claim in federal court, a plaintiff must file his complaint within 90 days of receiving a right-to-sue letter from the EEOC. *See id.*

The plaintiffs do not meaningfully address the defendants' exhaustion argument. After they filed their original complaint, the defendants moved to dismiss on exhaustion grounds.  The plaintiffs immediately amended their complaint mooting the defendants' motion but again did not allege facts relating to exhaustion.  And now the

4

plaintiffs state they "purposely do not argue defendants' Title VII objection." (Pls.' Mem. of L. in Opp'n to Defs.' Mot. to Dismiss at 12, Dkt. No. 10-1.) The plaintiffs thus concede the Title VII claims.

## B

Section 1983 makes "liable" "[e]very person" who "under color of" state law "subjects" another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. 42 U.S.C. § 1983. (A person under § 1983 includes a municipality. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).) Section 1983 contains no substantive rights. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). It merely provides a cause of action for vindicating rights found in the United States Constitution or another federal law. *See id.* The plaintiffs argue Darby and the County violated their rights under the Fourteenth Amendment's Equal Protection Clause[1] and 42 U.S.C. § 1981. (Am. Compl. ¶¶ 37–44); (*id.* at 10.)

## 1

"No state," the Fourteenth Amendment says, "shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. An equal protection employment discrimination claim shares the same elements as a Title VII claim. *See Lewis v. University of Pittsburgh*, 725 F.2d 910, 915 n.5 (3d Cir. 1983). Thus, the plaintiffs must show Darby fired or constructively discharged them because of their race. *See Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 426 (3d Cir. 2020); *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

---

[1] The plaintiffs also purport to argue the defendants violated their rights under the Due Process Clause of the Fourteenth Amendment. But they fail to articulate any due process theory.

The allegations in the plaintiffs' complaint permit the reasonable inference Darby fired Michael Krasley, Anthony Iademarco and Rocco D'Alessandro because of their race. Before Darby (a black woman) took over as Montgomery County's coroner, the plaintiffs (white men) worked for the office as transporters, and none of them had ever been written up. (Am. Compl. ¶¶ 3–4, 12, 15, 24.) Darby focused her campaign on diversity stressing she would be a champion for historically marginalized communities and promising to elevate members of those communities. (*Id.* ¶ 12.) She also promised to educate others about diversity. (*Id.*) Once she took office, Darby treated one black transporter differently than the plaintiffs. (*Id.* ¶¶ 17–27.) For example, after numerous individuals—including police officers and family members of the deceased—complained about this employee's work performance, Darby permitted him to report directly to her, instead of Michael Krasley, the lead transporter. (*Id.*) Then Darby fired Michael Krasley, Anthony Iademarco and Rocco D'Alessandro for budgetary reasons. (*Id.* ¶ 30.) The plaintiffs allege Darby's proffered reason for their firing was false because the Coroner Office's budget had already been approved. (*Id.*) And after she fired the three plaintiffs, Darby replaced them with a black owned and operated body transport service. (*Id.* ¶ 32.) As a result, the Coroner's Office has faced increased costs for transporting bodies. (*Id.* ¶ 33.) These allegations, taken as true, permit the reasonable inference Darby fired Michael Krasley, Anthony Iademarco and Rocco D'Alessandro because they are white. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (holding a plaintiff stated a plausible national-origin discrimination claim by alleging, among other facts, the "nationalities of at least some of the relevant persons involved with his termination"); *Iadimarco v. Runyon*, 190 F.3d 151, 164 (3d Cir. 1999)

(holding a reasonable jury could find racial discrimination because a plaintiff showed, among other things, his employer made statements demonstrating racial preferences in employment before firing him); *Shropshire v. Gallaway*, 855 F. App'x 853, 855 (3d Cir. 2021) (per curiam) (holding a plaintiff stated a plausible claim for racial discrimination by alleging, among other facts, his employer held members of another race to lower performance standards); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (explaining evidence an employer's stated reason for firing an employee is false is probative of discrimination); *McCarthy v. City of Cordele*, 111 F.4th 1141, 1146–47 (11th Cir. 2024) (holding a white plaintiff stated a plausible claim for racial discrimination by alleging, among other facts, his employer made statements demonstrating a preference for black employees and then fired and replaced him with a black employee).

Michael Krasley, Anthony Iademarco and Rocco D'Alessandro also state equal protection claims against the County.  Section 1983 does not allow plaintiffs to hold a municipality automatically liable for the unlawful actions of its employees under a theory of vicarious liability.  *Monell*, 436 U.S. at 691.  Plaintiffs can hold municipalities liable "only for their *own* illegal acts."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted).  When a municipal officer harms a private party, therefore, that party must connect the officer's conduct to a municipal policy or custom.  *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).  A single employment decision, such as termination, qualifies as a municipal policy if the decisionmaker possessed final authority with respect to the action.  *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989); *see also McGreevy v. Stroup*, 413 F.3d 359, 368 (3d Cir. 2005);

*Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020).  The plaintiffs allege Darby—the elected coroner—had final authority to fire individuals from the Coroner's Office because her employment decisions are unreviewable.  (Am. Compl. ¶ 31); *see, e.g.*, *Misjuns v. City of Lynchburg*, 139 F.4th 378, 385 (4th Cir. 2025).  Thus, because they allege sufficient facts to permit the inference Darby fired them because they are white, Michael Krasley, Anthony Iademarco and Rocco D'Alessandro also state a claim against the County.

Kevin Krasley's and Ryan Krasley's equal protection claims for constructive discharge against Darby and the County are a different matter.  To succeed, they must allege Darby "knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign."  *Gross v. Exxon Off. Sys. Co.*, 747 F.2d 885, 888 (3d Cir. 1984).  The plaintiffs allege Davis falsely accused Kevin Krasley and Ryan Krasley of being racist, causing Darby to chastise and threaten them and subject them to a hostile work environment.  (Am. Compl. ¶¶ 26, 29.)  Because of the hostile work environment, the plaintiffs allege, Kevin Krasley and Ryan Krasley resigned.  (*Id.* ¶ 29.)  But these vague, conclusory allegations do not suffice.  Without additional facts, Kevin Krasley and Ryan Krasley fail to plausibly allege Darby permitted conditions of discrimination so intolerable a reasonable person subject to them would resign.

2

Section 1981 provides "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws."  42 U.S.C. § 1981.  This language prohibits a public employer from firing or

constructively discharging an employee because of his race.  *McCarthy*, 111 F.4th at 1146; *Fenter v. Mondelez Global, LLC*, 574 F. App'x 213, 216–17 (3d Cir. 2014).  The "substantive elements" of an employment discrimination claim under § 1981 are "identical to the elements of an employment discrimination claim under Title VII." *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181–82 (3d Cir. 2009); *see also Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 267 (3d Cir. 2010).  Thus, the plaintiffs must show Darby fired or constructively discharged them because of their race.  *See Iadimarco*, 190 F.3d at 163.  Plaintiffs may bring a § 1981 claim against a municipality under § 1983 in accordance with *Monell*.  *See Massey v. Borough of Bergenfield*, 169 F.4th 188, 202 (3d Cir. 2026).  As explained, Michael Krasley, Anthony Iademarco and Rocco D'Alessandro state termination claims against Darby and the County, but Kevin Krasley and Ryan Krasley fail to state constructive discharge claims against the defendants.

C

The plaintiffs also purport to bring claims under 42 U.S.C. § 1985(3) and the Pennsylvania Constitution.  Section 1985(3) requires, among other things, a conspiracy between two or more people.  42 U.S.C. § 1985(3).  But the plaintiffs do not allege facts to permit the inference Darby conspired with any other person.

The plaintiffs also fail to state a claim under the Pennsylvania Constitution. They do not cite any specific constitutional provision, leaving the Court unable to assess whether they have made a "showing" they are "entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Moreover, the plaintiffs cannot seek damages for violations of the Pennsylvania Constitution.  *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F.

App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."); *Rega v. U.P.M.C. Cmty. Health Choices*, No. 194 WDA 2022, 2023 WL 4116006, at \*6 (Pa. Super. Ct. June 22, 2023) ("[T]here is no recognized private cause of action for monetary damages for alleged violations of the Pennsylvania Constitution.").

IV

Finally, the defendants ask the Court to strike the plaintiffs' prayer for punitive damages against the County. Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading" any "immaterial" or "impertinent" "matter." A matter is immaterial if it has "no essential or important relationship to the claim for relief." *Conklin v. Anthou*, 10-CV-02501, 2011 WL 1303299, at \*1 (M.D. Pa. Apr. 5, 2011). And a matter is impertinent if it does not "pertain," or is "not necessary," to the claims for relief. *Id.* Because § 1983 does not permit plaintiffs to seek punitive damages against local governments, *Doe v. County of Centre*, 242 F.3d 437, 455 (3d Cir. 2001), the plaintiffs' request for punitive damages against the County has no essential relationship, or does not pertain, to their § 1983 claims against the County.

V

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). If a "civil-rights complaint fails to state a claim," a court "must grant leave to amend the complaint unless amendment would be futile or inequitable." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018). Amendment is futile if no new facts could fix the original complaint's problems.

10

*Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). And amendment is inequitable if the plaintiff unduly delays, shows bad faith or if amendment would unfairly prejudice the defendant. *Curteon v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

It would be futile for the plaintiffs to amend their claim under the Pennsylvania Constitution because they have no cause of action to bring such a claim. But it would not be futile or inequitable for the plaintiffs to amend their § 1983 constructive discharge or due process claims or § 1985(3) conspiracy claim. The plaintiffs may be able to allege facts to fix the problems with these claims. And the plaintiffs have not unduly delayed or showed bad faith and amendment would not unfairly prejudice the defendants. If the plaintiffs choose to amend all or some of their claims, the defendants will have to defend against the same claims, just based on new facts.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

11